UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bryan Bernard
a.k.a. Joseph Vaillancourt

   v.                                 Civil No. 06-cv-438-JD

New Hampshire Department of Corrections, et al.

**O R D E R**

Bryan Bernard[1] brings this complaint[2] against numerous unnamed defendants and a number of individually named employees of the New Hampshire Department of Corrections ("DOC").[3] Bernard

---

[1] Plaintiff has stated that his real name is Bryan Bernard and Joseph Vaillancourt and Joe Vaillancourt are aliases. Accordingly, I will refer to plaintiff by his real name.

[2] Bernard originally filed a complaint (document no. 1) on November 21, 2006. Since that time, Bernard has filed close to one hundred additional pleadings, documents, and letters in this matter. After carefully reviewing the entire case file, I have determined that eight additional filings constitute addenda to the complaint in this case (document nos. 49, 54, 55, 67, 69, 89 & 101). These nine documents, in the aggregate, will be considered to be the complaint in this matter.

[3] After reviewing the complaint in its entirety (document nos. 1, 49, 54, 55, 67, 69, 89 & 101), I find that Bernard has named the following defendants to this action: the DOC, former New Hampshire State Prison ("NHSP") Warden Bruce Cattell, Greg Crompton, Kimberly Lacasse, physical therapist Bernice Campbell, Warden Larry Blaisdell, former DOC Commissioner William Wrenn, Judy Baker, ARNP, Dr. Freedman, Dr. Fellows, Brett Mooney, ARNP, Sgt. Washburn, Corrections Officer ("CO") Todd Ash, Sgt. Smith,

has filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq. Bernard alleges that the defendants have violated a number of Bernard's constitutional rights during his incarceration at the DOC. The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). As fully discussed in my Report and Recommendation, issued simultaneously with this Order, I direct that the inadequate medical care and ADA claims be served against defendants Englander, Timult, Mooney, and Campbell, and I recommend dismissal of the remainder of claims and defendants from this action.

---

Unit Manager ("UM") Tim Moquin, Lt. Daniel Shaw, UM Kolvacs, CO Poole, Sgt. Carroll, CO Hopwood, Mjr. Cunningham, Mjr. Cox, Capt. Eldridge, UM Dan Millis, Gail McKenna, RN, Denise Rancourt, RN, Sgt. Wilson, Sgt. Severe, Sgt. Hooter, Sgt. Massey, Cpl. Gosselin, Sgt. Hammer, CO Norton, CO Lemieux, Jr., CO Burdick, Counselor Dolan, CO Horan, John Vinson, CO Pumelor, Donna Timult, RN, John Eckert, Capt. Font, UM Thyng, CO Textiera, Dr. Celia Englander, Cpl. Morin, all of the employees and agents of the State of New Hampshire, all of the members of the Governor's Disability Rights Commission, New Hampshire Attorney General Kelly Ayotte, and all of the employees of the Coos County Attorney's Office. Each defendant is sued in their individual and official capacities.

<u>Pending Motions</u>

Bernard has filed numerous documents in this case, many of which are motions. Some of the motions have been ruled upon, some have been considered as part of the complaint[4], and others remain pending. For the sake of clarity, I identify the following motions as still pending as of this date:

- Motion for Preliminary Injunction (document no. 38)[5]
- Motion for Temporary Restraining Order (document no. 40)[6]
- Motion to Compel Catholic Medical Center to Release Specific Records (document no. 56)
- Motion to Disqualify and Dismiss Defendants Counsel (document no. 68)
- Objection to Notice of Attorney General Appearance (document no. 73)
- Motion to Request Issuance of Subpoenas (document no. 92)
- Motion for Private Neuro-Surgical Eval (document no. 97)
- Motion for Default Judgment in Favor of Joe Vaillancourt, pro se (document no. 98)

---

[4]Plaintiff's Motion for Leave to File Supporting Documents (document no. 85) was accepted as an addenda to the complaint and was therefore implicitly granted.

[5]The DOC has filed an objection to this Motion (document no. 61). Bernard has filed a reply to the objection (document no. 70), a motion to dismiss the objection (document no. 74), and a final reply to the objection (document no. 82).

[6]The DOC has filed an objection to this motion (document no. 60). Bernard has filed a reply to the objection (document no. 70), a motion to dismiss the objection (document no. 74), and a final reply to the objection (document no. 82).

- Motion to Order (Compel) Defendants' Compliance (document no. 99)

It is not apparent from a review of the file which of the above-numbered motions have been forwarded to counsel for the defendants. To the extent that the defendants have received copies of these motions, defendants have ten days from the date of this Order to respond. If any of the motions on this list have not been received by defendants, the defendants must notify the plaintiff and the Court within ten days of the date of this Order which motion or motions they have not received. The plaintiff must then forward a copy of that motion to counsel for the defendants within ten days of receiving that notice. Plaintiff must also notify the Court that the motion was served on defendants' counsel. Defendants will have ten days from the date of receipt of any such motion to respond.

## Conclusion

As I find that plaintiff has stated claims for inadequate medical care and violations of the ADA upon which relief may be granted, I order the complaint (document nos. 1, 49, 54, 55, 67, 69, 89 & 101) be served on Defendants Englander, Mooney, Timult, and Campbell. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the

Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document nos. 1, 49, 54, 55, 67, 69, 89 & 101).  <u>See</u> LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   March 29, 2007

cc:     Bryan Bernard, a.k.a. Joseph Vaillancourt, pro se