UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph Vaillancourt,
a.k.a. Bryan Bernard

    v.                                Civil No. 06-cv-438-JD

New Hampshire Department of
Corrections, et al.

**REPORT AND RECOMMENDATION**

Plaintiff Bryan Bernard[1] is an inmate at the New Hampshire State Prison ("NHSP"). Bernard has filed a motion for a temporary restraining order, alleging that he has been mistreated by prison officials in retaliation for the filing of this lawsuit.[2] Defendants object. Bernard alleges that NHSP officers have retaliated against him by verbally harassing him, and by

---

[1]This matter is docketed as filed by plaintiff Joseph Vaillancourt. The plaintiff asserts that his true name is Bryan Bernard, and that Joseph Vaillancourt and Joe Vaillancourt are aliases he has used. I will refer to plaintiff by his true name, Bryan Bernard.

[2]Although plaintiff has framed this motion as a request for a temporary restraining order, because notice was given to the opposing party, who had an opportunity to be heard prior to and at the hearing held, I find that the matter is more appropriately considered as a request for a preliminary injunction and I will treat the matter as such for all purposes. See Fed. R. Civ. P. 65(a)&(b).

requiring him to engage in physical acts that exceed his capabilities.  Bernard seeks an order enjoining Sgt. Carroll and other unnamed NHSP employees from engaging in these retaliatory acts that allegedly violate his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq.[3]  An evidentiary hearing on Bernard's motion was held before this Court on May 22, 2007.  After consideration of the evidence adduced at the hearing, as well as the written and oral arguments before the Court, I recommend the denial of the motion for preliminary injunctive relief for the reasons stated herein.

## Standard of Review

In order to prevail on his request for preliminary injunctive relief, the plaintiff must satisfy the Court that the following four essential criteria exist:

> (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and

---

[3] Bernard's motion, filed while Bernard was confined at the NHSP's Secure Housing Unit, requested that this Court order plaintiff transferred to the NHSP's North Unit.  Since the filing of the motion, Bernard has been transferred to the North Unit where, he reports, he would like to stay.  I accept this as a withdrawal of Bernard's request for transfer and I will not consider the request for a transfer to be part of the motion for injunctive relief.

>    (4) that the public interest will not be adversely
>    affected by the granting of the injunction.

Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).  The key factor in determining whether injunctive relief should be granted is whether the plaintiff can demonstrate a likelihood of success on the merits.  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will usually not obtain interim injunctive relief).  A party seeking injunctive relief, however, must independently satisfy each of the preliminary injunction factors.  Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981), cert. denied, 455 U.S. 921 (1982); Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Off. of Emergency Preparedness, 649 F.2d 71, 74 (1st Cir. 1981).

   Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the underlying action.  See Matos v. Clinton Sch. Dist., 367 F.3d 68, 72 (1st Cir. 2004).  Such a situation arises when some harm from the challenged conduct could not be adequately redressed with traditional legal or equitable remedies following a trial.

See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (finding irreparable harm where legal remedies are inadequate); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (explaining irreparable harm and its effect on the contours of preliminary injunctive relief). Absent irreparable harm, there is no need for a preliminary injunction. "The predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem." Ross-Simons, 102 F.3d at 19. The burden of persuasion, by a preponderance of the evidence, that an injunction should issue, is "squarely on" the proponent of the injunction. Id. at 18 (citing Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991)).

### Background

Bernard alleges that he has filed numerous requests for medical care that were ignored by prison officials. Bernard filed grievances against those individuals that he believed were failing to provide him with adequate medical care.[4] Bernard

---

[4] The evidence at the hearing presented by both parties demonstrated that Bernard received a substantial amount of medical care while at the NHSP, including consultations with outside experts and MRI scans of his spine and brain, as well as other testing, diagnostic services, and medical treatment at the prison. Bernard included a request for additional medical care

4

claims that he was then sanctioned, or threatened with sanctions, for filing those grievances.  Bernard believes that retaliation for these grievances has motivated defendants to harass him.

Specifically, Bernard testified at the May 22 hearing that, while at the NHSP, he has been frequently verbally harassed by an officer identified as Sgt. Carroll.  Bernard alleges that he and Sgt. Carroll often engage in combative verbal exchanges.  Bernard states that he has experienced stress from the verbal harassment he receives from Carroll that has caused him to have headaches and nosebleeds.

Bernard next claims that he was subjected to disciplinary action and sanctions when he failed to stand up for "count."  As explained by Bernard and Bernadette Campbell, Bernard's physical therapist who also testified at the hearing, "count" is where all of the inmates stand up for a period of time ranging from one to three minutes, and the prison staff actually counts each inmate and verifies that each inmate is not only present, but alive and well.

---

in his motion, but, at the hearing, failed to present any evidence regarding unmet medical needs or inadequate medical care.  Accordingly, I find that Bernard has not demonstrated the necessity of preliminary injunctive relief regarding the provision of medical care at the prison, and I recommend that the request be denied.

While on his current housing pod, Bernard states that he has the use of a walker.  During count, while he has to be physically standing on his legs, Bernard is permitted to, and does, lean on his walker for support.  Bernard claims that the requirement that he stand, rather than sit, is unreasonable, as it exceeds his physical capabilities, and there are alternatives to standing that would achieve the same purposes, such as sitting and waving at the counting officers.

Bernadette Campbell is the official at the NHSP who evaluates and approves inmates for the use of adaptive equipment for any handicapped needs.  Campbell has also personally reviewed Bernard's medical records, followed his progress, and provided him with physical therapy.  Campbell testified she examined Bernard as recently as May 9, 2007.

Campbell also testified that Bernard is capable of standing for count with the use of a walker.  Campbell stated that a pass excusing an inmate from standing for count would only be issued for someone who, unlike Bernard, was not able to stand, even with adaptive equipment, such as a walker, for the length of time required to conduct a count.  Campbell further testified that Bernard is not only physically capable of standing for count, but

that he is actually encouraged to stand and to use his walker while on his housing pod, as overuse of his wheelchair has worsened his condition and increased his pain level.

## Discussion

In his underlying action, Bernard primarily complains that he is not receiving adequate or appropriate medical care and treatment.  At the evidentiary hearing, Bernard did not introduce any evidence regarding his underlying claims which would demonstrate the likelihood of success on those claims.  Bernard has therefore failed to meet the initial requirement for the preliminary injunctive relief he seeks.[5]  Instead, at the hearing, plaintiff focused on presenting evidence regarding the present conditions of his confinement that he alleges violate his right to be free from verbal harassment and not to be required to do things that are beyond his physical capabilities.

---

[5] In order to obtain the injunctive relief he seeks, Bernard must establish that he is likely to succeed on the merits of the claims underlying his action before this Court.  See Esso Standard Oil Co. v. Monroig-Zavas, 445 F.3d 13, 18 (1st Cir. 2006) (discussing the requisite showing to obtain a preliminary injunction and finding that the "sine qua non of the four-part inquiry is likelihood of success on the merits").

1.   <u>Verbal Harassment</u>

Bernard first seeks to enjoin Sgt. Carroll from verbally harassing him. It is dispositive of this claim that Sgt. Carroll is no longer a defendant to this action. My recommendation that Carroll be dismissed from this action was approved by the District Judge on April 23, 2007.[6] Under Fed. R. Civ. P. 65(d), a restraining order can only be binding against "parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order . . .." Bernard has not demonstrated a relationship between any of the defendants remaining in this action at this time and Sgt. Carroll, or proper service of Sgt. Carroll of this action, to permit this Court to issue a binding injunction against Sgt. Carroll. I therefore recommend that the request for an order enjoining Sgt. Carroll from verbally harassing Bernard be denied.

---

[6]Although Bernard asserts that he has appealed the dismissal of certain defendants from this action to the First Circuit, the instant action, and the decisions already rendered in this case, have not been stayed pending resolution of any interlocutory appeal.

2.   <u>Standing for Count</u>

Bernard next alleges in his motion, and asserted at the hearing, that he is required to stand for count, and that he is punished for failing to comply with this requirement.  Bernard attempts to show that the requirement that he stand discriminates against him because of his disability, as he asserts that he is physically incapable of standing for one to three minutes.  The evidence at the hearing, however, did not support that assertion.  The evidence was that Bernard can stand for one to three minutes with the support of a walker, and that he is permitted to use his walker during count.  Bernard admitted that he can stand for count by leaning on the walker for support.  Bernard also admitted that if he was actually up on his feet, that he would be meeting the standing requirement.  Accordingly, I find that Bernard has not demonstrated that he is being required to do something that is beyond his physical capabilities, and that therefore, injunctive relief is unnecessary to protect Bernard from any irreparable harm he might endure pending final disposition of this case.

Accordingly, Bernard has not demonstrated that he requires an injunction to protect his ability to meaningfully prosecute

his case.  Without the requisite showing of irreparable harm, a preliminary injunction is not justified.  As I recommend that the motion for preliminary injunctive relief be denied on that basis, it is not necessary to examine the remaining criteria for obtaining injunctive relief.

Conclusion

For all of the reasons stated herein, I recommend that Bernard's motion for preliminary injunctive relief be denied.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    May 30, 2007

cc:      Bryan Bernard, a.k.a. Joseph Vaillancourt, pro se
         Nancy Smith, Esq.