UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph Vaillancourt

   v.                              Civil No. 06-cv-438-JD
                                              Opinion No. 2007 DNH 076

N.H. Department of Corrections, et al.

O R D E R

    Joseph Vaillancourt, who is also known as Bryan Bernard, is incarcerated in New Hampshire.[1]  He is proceeding pro se and in forma pauperis.[2]  As a result of approval of the magistrate judges' report and recommendation in this case, he brings claims against Celia Englander, Brett Maloney, Bernadette Campbell, and Donna Timulty, alleging that they provided him inadequate medical care, actionable under 42 U.S.C. § 1983, and violated the Americans with Disabilities Act ("ADA").  The defendants, who are all employees of the New Hampshire Department of Corrections in the Concord facility, move for summary judgment on the ground

---

[1]Because Vaillancourt refers to himself as Bryan Bernard, the court will also use that name.

[2]Bernard was originally represented by counsel who withdrew in February of 2007.

that Bernard failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  Bernard objects.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

## Discussion

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  Claims of inadequate medical care brought under § 1983 and of violation of the ADA are covered by the requirements of § 1997e(a).  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002); <u>Acosta v. U.S. Marshals Serv.</u>, 445 F.3d 509, 512 (1st Cir. 2006); <u>Jones v. Smith</u>, 266 F.3d 399, 400 (6th Cir. 2001).  Therefore, Bernard was required to exhaust the administrative remedies available through the prison before bringing suit on his claims.

Bernard was incarcerated at the Men's Prison in Concord beginning in July of 2004 until he was transferred to the Berlin facility a year later.  He stayed at the Berlin facility until September of 2006, when he was transferred back to Concord.  The defendants are members of the medical staff at the Concord facility.  Therefore, Bernard's claims against them are based on treatment he received while housed in the Concord facility.

Bernard alleges, in support of his § 1983 and ADA claims, that the defendants failed to treat his alleged physical and mental disorders and disabilities and failed to provide him with a wheelchair and other accommodations for his alleged medical conditions.  He does not indicate when these actions and inactions occurred, which defendants acted in specific incidents, or where he was housed.  The defendants assume, without factual support, that Bernard's claims against them arose during his

second stay at the Concord facility, beginning in September of 2006.

In support of summary judgment, the defendants contend that although the Concord facility has a grievance procedure available, Bernard failed to file any grievances "about medical issues" since he returned to Concord in September of 2006. Def. Mem. at 10. Given the defendants' statement of the basis for their motion, it does not appear to address any allegations arising during Bernard's incarceration in Concord between July of 2004 and July of 2005. That statement also does not appear to include Bernard's ADA claims.

As a result, the defendants' motion for summary judgment addresses only part of the allegations and claims made by Bernard. The record does not show that Bernard's claims arose exclusively during his stay in the Concord facility beginning in September of 2006. Therefore, the defendants have not shown that Bernard failed to exhaust his claims to the extent they may be based on actions or inactions that occurred during his first stay in the Concord facility nor have they provided evidence to distinguish between the two time periods.

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 181) is denied without prejudice to file a second motion addressing the exhaustion issue.

SO ORDERED.

                         /s/ Joseph A. DiClerico, Jr.
                         Joseph A. DiClerico, Jr.
                         United States District Judge

June 13, 2007

cc: Nancy J. Smith, Esquire
     Nancy Sue Tierney, Esquire
     Joseph Vaillancourt, pro se