UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph Vaillancourt,
a/k/a Bryan Bernard

   v.                                Civil No. 06-cv-438-JD

Bernadette Campbell,
Celia Englander, Brett
Mooney, and Donna Timulty

O R D E R

Joseph Vaillancourt, a/k/a Bryan Bernard, was incarcerated until recently in New Hampshire.[1]  He is now proceeding pro se and is also proceeding in forma pauperis.[2]  As construed by the magistrate judge, Bernard brings a claim under Title II of the Americans with Disabilities Act ("ADA") and a claim alleging constitutionally inadequate medical care, pursuant to 42 U.S.C. § 1983, against Bernadette Campbell, Celia Englander, Brett Mooney, and Donna Timulty.  The defendants move for summary judgment, and Bernard objects.

---

[1] Although his complaint uses the name "Joseph Vaillancourt A/K/A Bryan Bernard," the plaintiff asserts that his real name is Bryan Bernard.  Therefore, the court uses the name Bryan Bernard in this order.

[2] Bernard's counsel withdrew in January of 2007.

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

In this district, the moving party must support a motion for summary judgment with a statement of material facts that cites to evidence in the record. LR 7.2(b)(1). A party opposing summary judgment must also include a statement of material facts supported by record citations. LR 7.2(b)(2). In addition, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party." Id.; see also Fed. R. Civ. P. 56(e)(2); CMI Cap. Mkt. Inv., LLC v. Gonzalez-Toro, 520

F.3d 58, 62-63 (1st Cir. 2008).

Bernard filed an objection to the motion to dismiss but did not include a factual statement or provide his own affidavit or affidavits from others to support his objection. See Fed. R. Civ. P. 56(e)(2). He mistakenly relies on the allegations in his complaint and the results of preliminary review to support his claims. See Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007). In the absence of a properly supported opposition to summary judgment, all of the facts provided in the defendants' factual statement that are properly supported with citations to the record are deemed admitted.

## Background

Bernard was returned to prison on July 14, 2004. He was housed at the New Hampshire State Prison in Concord until October 19, 2005, when he was moved to the State Prison in Berlin. He returned to the Concord facility on September 6, 2006, where he completed his sentence on March 13, 2008, and was released.

During his incarceration, Bernard complained of a long list of medical issues, including back and neck pain, high blood pressure, Hepatitis C, mental illness and depression, ulcers, asthma, and coronary disease. He was examined by medical personnel, referred to outside medical providers for additional

medical examinations, and treated for his complaints.  He was offered but refused treatment for Hepatitis C and discontinued medications prescribed for other conditions against the medical advice he was given.  In addition, he has received accommodations for a variety of issues including passes to be assigned a bottom bunk, for extra blankets to assist him in positioning while seated, for slow movement, for use of an elevator, for use of a walker, for use of a cane, for no work, and for use of a wheelchair.

Bernard's complaints of arm pain, excessive weakness, and neck and back pain have never been substantiated by the many medical tests and consultations he has received.  Although examinations and testing have shown that he has mild degenerative changes in his spine, that condition did not correlate to the symptoms Bernard claimed to experience while he was in prison.  When he claimed to have nasal and rectal bleeding, blood tests confirmed no unusual bleeding had occurred.

## Discussion

Bernard's claims, as allowed by the magistrate judge's report and recommendation, are that the defendants provided inadequate medical care in violation of the Eighth Amendment and denied him benefits and services in violation of Title II of the

ADA.  The defendants contend that the record establishes that Bernard received constitutionally adequate medical care and that he cannot prove his ADA claim.

A.  Medical Care

To prove a claim of constitutionally inadequate medical care, a prisoner must show that prison personnel were deliberately indifferent to his serious medical needs.  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2198 (U.S. 2007).  A serious medical need is a condition that has been "diagnosed by a physician as mandating immediate treatment, or one that is so obvious that a layman would easily recognize the necessity of medical treatment."  <u>Mahan v. Plymouth County House of Corrs.</u>, 64 F.3d 14, 18 (1st Cir. 1995) (internal quotation marks omitted).  "Deliberate indifference means that a prison official subjectively must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference."  <u>Ruiz-Rosa</u>, 485 F.3d at 156 (internal quotation marks omitted).  Negligence, inadvertence, and disagreement about treatment do not rise to the level of deliberate indifference.  <u>Id.</u>

Despite a lack of medical evidence to support at least some of Bernard's complaints of medical conditions, the defendants do

not contest for purposes of this claim that Bernard has serious medical conditions.  Instead, each defendant provides an affidavit and cites to the record to show that Bernard received extensive medical attention for his claimed medical issues.  The medical records that Bernard submitted with his objection to summary judgment also show that he has received appropriate medical attention for his complaints.  He offers no other support for his claim.

In the absence of any evidence that the defendants were deliberately indifferent to Bernard's serious medical needs, the defendants are entitled to summary judgment on that claim.

B.  Title II, ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "qualified individual with a disability" under Title II is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services of

the participation in programs or activities provided by a public entity." § 12131(2). Title II provides a private cause of action for damages against public entities that violate its provisions, including states at least to the extent the state's conduct actually violated the Constitution. Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006).

### 1. Individual Defendants

The only defendants remaining in this action are individuals sued in their personal capacities. Title II of the ADA provides a cause of action against "public entities" but not against individuals sued in their personal capacities. Kiman v. N.H. Dept. of Corrs., 2007 WL 2247843, at *8 (D.N.H. Aug. 1, 2007); see also Alston v. Dist. of Columbia, --- F. Supp. 2d ---, 2008 WL 2461034, at *4 (D.D.C. June 19, 2008). Therefore, the individual defendants are entitled to summary judgment.

### 2. Statutory Requirements

Even if the Department of Corrections were a defendant, Bernard could not prove his claim.[3] The defendants contend that

---

[3]Bernard also sued the individual defendants in their official capacities, but the magistrate judge construed those claims under § 1983 and dismissed them as barred by sovereign immunity. Therefore, the Department of Corrections is not a

Bernard cannot show that he is disabled as defined by the ADA, that he was excluded from participating in or denied the benefits of the Department's services, programs, or activities, or that any exclusion or denial of benefits was because of his disability.  In response, Bernard provides a list of what he considers to be evidence of his physical limitations.

The defendants amply support their argument that Bernard was not physically disabled by the minor issues that his medical examinations and testing showed.  The medical records, generated in response to his repeated complaints of back, neck, and arm pain and numbness, show that he had mild to moderate changes in his spine that would not account for the degree of pain and disability that he claimed and did not require additional treatment.  He refused to attend some of the appointments set up for him and did not follow the medication regimens prescribed.  In addition, he was provided a host of accommodations for his claimed ailments and disabilities, including, among other things, passes to avoid walking, to have a lower bunk, and to be excused from work, and he was allowed to use an elevator, a cane, a walker, and a wheelchair.

Therefore, Bernard has not shown that a trial worthy issue

---

party in this action.

exists to support a claim under Title II of the ADA against the Department of Corrections.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 264) is granted, which resolves the plaintiff's claims in favor of the defendants. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 14, 2008

cc: Bryan Bernard, pro se
    Nancy Smith, Esq.